**NO. 23-40693 Consolidated with No. 23-40694**
IN THE
**UNITED STATES COURT OF APPEALS**
FOR THE FIFTH CIRCUIT

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee*,

v.

**ORLANDO ANDRES GARCIA**
*Defendant-Appellant*

———————————

Appeal from the United States District Court
for the Southern District of Texas

_____

**BRIEF FOR DEFENDANT-APPELLANT
ORLANDO ANDRES GARCIA**
_____

                                    **BALLI & BALLI LAW FIRM, LLP**
                                    P.O. Box 1058
                                    Laredo, Texas 78042-1058
                                    Tel: (956) 712-4999
                                    Fax: (956) 724-5830

                                    */s/ Roberto Balli*
                                    ROBERTO BALLI
                                    Federal Bar No. 22668
                                    Texas State Bar No. 00795235
                                    Attorney for Defendant-Appellant

# **CERTIFICATE OF INTERESTED PERSONS**

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                        NO. 23-40693 Consolidated with No. 23-40694

ORLANDO ANDRES GARCIA,
    *Defendant-Appellant,*

The undersigned counsel certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

    1.    Orlando Andres Garcia, Defendant-Appellant.

    2.    Roberto Balli, Counsel for Salvador Jacquez.

    3.    United States of America, Plaintiff-Appellee.

    4.    Carmen Castillo Mitchell, Counsel for Plaintiff-Appellee.

                                            */s/ Roberto Balli*
                                            ROBERTO BALLI

## **STATEMENT REGARDING ORAL ARGUMENT**

Defendant-Appellant, Orlando Andres Garcia does not request oral argument.

# **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS ............................................ ii

STATEMENT REGARDING ORAL ARGUMENT .................................. iii

TABLE OF CONTENTS ............................................................................ iv

TABLE OF CITATIONS ..............................................................................v

STATEMENT OF JURISDICTION ..............................................................1

STATEMENT OF THE ISSUES ...................................................................2

STATEMENT OF THE CASE ......................................................................3

SUMMARY OF THE ARGUMENT .............................................................5

ARGUMENT .................................................................................................5

    ISUE ONE: Was the evidence insufficient to support the upward adjustment for leadership in case involving transporting aliens causing death of a person ...............................................................................5

CONCLUSION ..............................................................................................7

CERTIFICATE OF SERVICE.......................................................................8

CERTIFICATE OF COMPLIANCE .............................................................9

# TABLE OF CITATIONS

## Circuit Court Decisions

*United States v. Alfaro*, 919 F.2d 962 (5th Cir. 1990) .............................................6

*United States v. Goetz*, 153 F. App'x 918, (5th Cir. 2005) ......................................5

*U.S. v. Johnston*, 559 F.3d 292, 294 (5th Cir. 2009).................................................5

*United States v. Richardson*, 781 F.3d 237 (5th Cir. 2015) .....................................5

## Statutes

8 U.S.C. § 1324 ........................................................................................................3

## Statutes

U.S.S.G. § 3B1.1 ................................................................................................*passim*

## **STATEMENT OF JURISDICTION**

This Court has jurisdiction of this appeal under Section 1291, Title 28 United States Code, as an appeal from a final judgment of conviction in the United States District Court for the Southern District of Texas, McAllen Division. Mr. Garcia was sentenced to 151 months of imprisonment to run in part consecutive and in part concurrent with 120-month sentence in an alien harboring case that was heard as part of the same sentencing hearing. ROA.241-241. The total sentence of the two cases was 251-months considering that 20 months would run concurrently. ROA.241-242. Following sentencing hearing, Mr. Garcia timely filed his notice of appeal. ROA.74.

## STATEMENT OF THE ISSUES PRESENTED

**ISSUE ONE RESTATED:** Was the evidence insufficient to support the upward adjustment for leadership in case involving transporting aliens causing death of a person.

## STATEMENT OF THE CASE

On February 1, 2022, Orlando Andres Garcia was charged by superseding indictment with one count of conspiracy to transport aliens (Count 1) resulting in death of a person in violation of 8 U.S.C § 1324. ROA.85-86. On February 3, 2023, Mr. Garcia pleaded guilty pursuant to written plea agreement. ROA.141-190, 247-248. The PSR recommended a 4-level upward adjustment for leadership pursuant to U.S.S.G. 3B1.1. ROA.268.

The PSR justified the adjustment as follows: *"In this case, the offense occurred under the direction of Orlando Garcia who is described as an organizer or leader of an extensive alien smuggling organization which involved Edwin Jasso-Juarez (unindicted co-conspirator), Brandon Cibriano, Francisco Quintanilla and Brayan Trevino. During the instant offense, Orlando Garcia had contact with the brush guide and coordinated the transportation for the undocumented aliens. In addition, Orlando Garcia participated as a scout for Francisco Quintanilla and attempted to distract law enforcement by following Francisco Quintanilla closely."* ROA.268.

However, the PSR's justification is not supported by the facts in the PSR, and no additional facts were presented during the sentencing hearing. The PSR shows that Co-Defendant Francisco Quintanilla was the driver of a vehicle that was smuggling aliens that crashed and two people died in the crash. ROA. 254-256.

3

Appellant Garcia was a scout driver. ROA.254, 262. The evidence shows that Co-Defendant Brandon Cipriano was a brush guide who smuggled the aliens into the country and lead them to Co-Defendant Quintanilla's vehicle. ROA.265

Mr. Garcia's attorney filed a written objection to the aggravating role. ROA.251-252. Counsel objected again to the aggravating role during the sentencing hearing. ROA.204-217. The Court overruled the objection ROA.217. Mr. Garcia was sentenced to 151 months of imprisonment to run in part consecutive and in part concurrent with 120-month sentence in an alien harboring case that was heard as part of the same sentencing hearing. ROA.241-241. The total sentence of the two cases was 251-months considering that 20 months would run concurrently. ROA.241-242.

## SUMMARY OF THE ARGUMENT

The PSR recommended a 4-level upward adjustment for leadership pursuant to U.S.S.G. 3B1.1. ROA.268.  The evidence in this case was insufficient to support the adjustment.  The facts presented in the factual basis, the PSR and the sentencing hearing do not support the conclusion that Mr. Garcia was a leader-organizer. The Government presented no witness during the sentencing hearing but offered only argument.  ROA215-216. The evidence showed that Mr. Garcia was an average participant.

## ARGUMENTS

**ISSUE ONE RESTATED:** Was the evidence insufficient to support the upward adjustment for leadership in case involving transporting aliens causing death of a person.

A.   **Standard of Review.**

A district court's interpretation and application of sentencing guidelines are reviewed de novo. *United States v. Johnston*, 559 F.3d 292, 294 (5th Cir. 2009). The district court's factual findings are reviewed for clear error. *United States v. Goetz*, 153 F. App'x 918, 920-21 (5th Cir. 2005) (per curiam).

B.   **The Upward Adjustment**

The Government has the burden of proving upward adjustments by a preponderance of the evidence. *United States v. Richardson*, 781 F.3d 237, 249 (5th

5

Cir. 2015); see also *United States v. Alfaro*, 919 F.2d 962, 965 (5th Cir. 1990). The PSR recommended a 4-level upward adjustment for leadership pursuant to U.S.S.G. 3B1.1. ROA.268. The PSR justified the adjustment as follows:

> *"In this case, the offense occurred under the direction of Orlando Garcia who is described as an organizer or leader of an extensive alien smuggling organization which involved Edwin Jasso-Juarez (unindicted co-conspirator), Brandon Cibriano, Francisco Quintanilla and Brayan Trevino. During the instant offense, Orlando Garcia had contact with the brush guide and coordinated the transportation for the undocumented aliens. In addition, Orlando Garcia participated as a scout for Francisco Quintanilla and attempted to distract law enforcement by following Francisco Quintanilla closely."*

ROA.268.

However, the PSR's justification is not supported by the facts in the PSR, and no additional facts were presented during the sentencing hearing. The evidence shows that Co-Defendant Brandon Cipriano was a brush guide who smuggled the aliens into the country and lead them to Co-Defendant Quintanilla's vehicle. ROA.265. The PSR shows that Co-Defendant Francisco Quintanilla was the driver of a vehicle that was smuggling aliens that crashed and two people died in the crash. ROA. 254-256. Appellant Garcia was a scout driver. ROA.254, 262. There is no evidence, that Mr. Garcia, recruited any co-conspirator. There is no evidence that Mr. Garcia, paid any co-conspirator. There is no evidence that Mr. Garcia organized

the smuggling event. There is only evidence that all of the conspirators communicated and coordinated with one another.

Pursuant to U.S.S.G. §3B1.1, a four-level upward adjustment for an aggravating role is proper "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Application Note 4 to U.S.S.G. §3B1.1 states that the "factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." Here, no evidence was presented of any decision-making authority such as selecting the time, place, or manner of the crime. The is no evidence of recruitment of participants. There was no evidence about the share of any money earned. There was no evidence about the planning or organizing the of venture. There was no evidence about any control that Mr. Garcia had over others. To be a leader, the defendant was must control others. See *United States v. Reedy*, 304 F.3d 358 (5th Cir. 2002). Here there is no evidence of control. Therefore, the upward adjustment was not proven by the government by a preponderance of the evidence and the Court clearly erred in applying the adjustment.

## CONCLUSION

The Court should vacate the judgment and remand the case to the district court for a new sentencing.

Respectfully submitted,

**BALLI & BALLI LAW FIRM, LLP**
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999

*/s/ Roberto Balli*
ROBERTO BALLI
Attorney for Defendant-Appellant

## CERTIFICATE OF SERVICE

I certify that on May 31, 2024, a copy of Appellant's brief was served on Ms. Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, Texas 77002, via electronic filing service.

I certify that on May 31, 2024, a paper copy of this brief was sent via United States Mail to Defendant-Appellant, Orlando Andres, Register No. 84495-509, Hidalgo County Jail, 701 E. El Cibolo Rd. Edinburg, TX 78541.

*/s/ Roberto Balli*
ROBERTO BALLI

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a) (7) (B) because it contains less than 14,000 words, namely 1668 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a) (7) (B) (iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a) (5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2010 in Times New Roman, Font 14 and Foot Notes in Font 12.

*/s/ Roberto Balli*
ROBERTO BALLI